## Warrington Sewer Company, Appellant *v.* Warrington Township, Appellee.

Argued April 5, 1984, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Charles J. King, Jr., Rogers, King & Cole,* for appellant.

*William H. R. Casey, Liederbach, Rossi, Hahn, Casey & Foy,* for appellee.

OPINION BY JUDGE CRAIG, May 11, 1984:

This appeal by the Warrington Sewer Company, owner of a sewer plant and system constructed to accommodate a housing development of developer Meade Construction Co., Inc., is from a final decision of the Court of Common Pleas of Bucks County refusing to exercise equity jurisdiction to enjoin Warrington Township from acquiring the sewage plant and system for $1.00 under an agreement made with the township by the developer and the sewer company.

In its suit, the sewer company has sought to avoid compliance with the agreement on the ground that (1) the township obtained the agreement by duress at a point when developer was facing a financing deadline, (2) the agreement was void for lack of consideration, and (3) the agreement was contrary to public policy.

We affirm and adopt the sound Final Adjudication and Decree, written by Judge RUFE for a court en banc of the common pleas court, *Warrington Sewer Co. v. Warrington Township,* 29 D. & C.3d 66 (No. 72-7310-09-5, filed April 30, 1982).

The record fully supports Judge RUFE's finding as to the absence of any evidence of duress, a point consistent with the developer's demonstrated ability to reject a similar agreement with respect to a water supply facility associated with the housing development. With duress not being established, the agreement must be regarded as voluntary and therefore not as one extorted by the township contrary to a public policy that local governments shall pay compensation for the acquisition of community facilities.

The trial court's resolution of the consideration issue against the developer is further reinforced by

the applicability of the Uniform Written Obligations Act, Act of May 13, 1927, P.L. 985, §1, 33 P.S. §6.

ORDER

Now, May 11, 1984, the final decree of the Court of Common Pleas of Bucks County, dated April 30, 1982, is affirmed.